IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MEXSAN, LLC,

    Plaintiff,

v.                                                Case No. 1:23-cv-00144 MLG/JFR

MCDONALD'S USA, LLC;
MCDONALD'S REAL ESTATE COMPANY;
SKYLINE CIVIL GROUP, LLC,

    Defendants.

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Mexsan, LLC ("Mexsan"), by and through its counsel of record, Brownstein Hyatt Farber Schreck, LLP (Debashree Nandy), and, for its First Amended Complaint against Defendants McDonald's USA, LLC ("McDonald's USA"), McDonald's Real Estate Company, Skyline Civil Group, LLC ("Skyline") (collectively referred to herein as "Defendants"), alleges as follows:

## PARTIES

1.    Plaintiff Mexsan is a Delaware foreign limited liability company, registered and authorized to do business in New Mexico and is an owner of real property in Las Cruces, New Mexico.

2.    Defendant McDonald's USA, LLC is a Delaware foreign limited liability company that does business in New Mexico and is an owner of real property in Las Cruces, New Mexico.

3.    Defendant McDonald's Real Estate Company is Delaware Corporation and is an owner of real property in Las Cruces, New Mexico.

4. Defendant Skyline Civil Group, LLC ("Skyline") is a Texas foreign limited liability company, and upon information and belief, is not registered to do business in New Mexico, but is doing so.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

5. Mexsan is the owner of the property located in Dona Ana County at 2350 E. Lohman, Las Cruces, New Mexico, with Parcel ID 4009135035138 (the "Mexsan Property").

6. McDonald's USA and/or McDonald's Real Estate Company (collectively "McDonald's") is the owner of the property located in Dona Ana County at 2330 E. Lohman, Las Cruces, New Mexico.

7. In January of 2022, Plaintiff learned that McDonald's USA and/or McDonald's Real Estate Company had installed curbing (the "Median") on the Mexsan Property without informing Mexsan, and without seeking Mexsan's permission or consent. The Median has already caused damage to one citizen's vehicle and the Median continued to remain and encroach on Mexsan's property because McDonald's refuses to remove it.

8. McDonald's USA and McDonald's Real Estate Company knowingly entered and/or caused its agents to enter the Mexsan Property impermissibly to install the Median without Mexsan's consent.

9. McDonald's USA and McDonald's Real Estate Company installed the Median to increase revenues at the McDonald's restaurant located at 2230 E. Lohman, Las Cruces, New Mexico and did not make any payments to Plaintiff for the conversion, taking, and use of its Property.

10. Despite repeated demands by Mexsan to McDonald's USA and McDonald's Real Estate Company to remove the Median from Mexsan's Property, McDonald's USA and McDonald's Real Estate Company continue to remain in trespass and refuse to remove the Median and return Mexsan's property to its original condition.

11. McDonald's USA and McDonald's Real Estate Company's actions have been willful, intentional, and reckless because even after demands for removal have been made, McDonald's has refused to do so.

12. Defendants' actions in misrepresenting to the City – to obtain the necessary permits – that it had permission or authorization to install the Median on Mexsan's property is just further proof of its egregious conduct and malicious violation of Mexsan's property rights.

## COUNT I: CIVIL TRESPASS
*All Defendants*

13. Mexsan hereby incorporates each of the preceding paragraphs, including subparts, as if fully re-stated herein.

14. McDonald's entered upon the Mexsan Property and deliberately installed a Median without Mexsan's permission, causing damage and destruction to the land and, subsequently, has not restored it to its original condition despite demands to do so.

15. Defendant Skyline, acting in concert with McDonald's similarly entered upon the Mexsan Property and deliberately installed a Median without Mexsan's permission, causing damage and destruction to the land and have not restored it to its original condition.

16. Pursuant to NMSA § 30-14-1.1, Plaintiff is entitled to double damages in an amount to be proved at trial, together with attorney fees and costs, and such other relief the Court deems just.

17. Plaintiff is also entitled to injunctive relief, in the form of an order from the Court requiring Defendants to remove the Median and restore the Mexsan Property to its original condition.

### COUNT II: EJECTMENT
*All Defendants*

18. Mexsan hereby incorporates each of the preceding paragraphs, including subparts, as if fully re-stated herein.

19. Plaintiff has the right to possess its property and maintain it in the condition it desires.

20. Plaintiff owns the Mexsan Property, and therefore has superior title to McDonald's and Skyline.

21. By continuously maintaining the Median on the Mexsan Property and refusing to restore it to its original condition, McDonald's is wrongfully detaining a portion of Mexsan's property.

22. Defendants should be ousted from the Mexsan Property in the form of an order from the Court requiring Defendants to remove the Median and restore the Mexsan Property to its original condition.

### COUNT III: UNJUST ENRICHMENT
*McDonald's*

23. Mexsan hereby incorporates each of the preceding paragraphs, including subparts, as if fully re-stated herein.

24. McDonald's impermissibly installed a Median on the Mexsan Property to increase revenues at its adjacent restaurant location.

25. Upon information and belief, McDonald's has been able to increase its revenues by trespassing upon and utilizing Plaintiff's Property without Plaintiff's consent, and without making any payments to Plaintiff.

26. On information and belief, McDonald's has knowingly benefitted from the installation of the Median on Mexsan's property at the expense of Mexsan.

27. It would be unjust to allow McDonald's to retain the benefits of its knowing and impermissible use of the Mexsan Property to increase revenues at its adjacent restaurant location.

WHEREFORE, Mexsan requests that the Court enter an injunction in Mexsan's favor ordering Defendants to immediately remove the Median and restore the property to its original condition at their sole expense, award Mexsan double the amount of actual damages, award punitive damages, award restitution, award attorney's fees, and award all such other and further relief as this Court may deem just and proper.

Dated: April 12, 2023.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By */s/ Debashree Nandy*
Debashree Nandy
201 Third Street NW, Suite 1800
Albuquerque, New Mexico 87102-4386
Telephone: (505) 724-9578
Facsimile: (505) 244-9266
Email: rnandy@bhfs.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 12, 2023, I electronically filed a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** with the Court pursuant to CM/ECF procedure for the District of New Mexico, which will send notification of such filing and cause the parties to be served via electronic means, as more fully reflected on the Notice of Electronic Filing.

                                            */s/ Debashree Nandy*
                                            Debashree Nandy

25137000